# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**MELDON RICH,**
    **Petitioner,**

**v.**                                                                         **Case No. 3:10cv517/MCR/MD**

**KENNETH S. TUCKER,**
    **Respondent.**
_____

## REPORT AND RECOMMENDATION

Before the court is an amended petition for writ of habeas corpus filed pursuant to Title 28 U.S.C. § 2254 and supporting memorandum (docs. 7-8). Respondent has filed a motion to dismiss the petition based on timeliness (doc. 30). Petitioner has filed a response to the motion to dismiss (doc. 33). On October 27, 2011, the court ordered respondent to brief the court on whether the claims raised in petitioner's September 18, 2008, "Emergency Petition for Writ of Habeas Corpus" alleged fundamental error, and if so, why the claim is not properly raised (*see* doc. 35). Respondent filed a response on November 16, 2011, stating the state court's determination that the state petition for habeas corpus was untimely is binding on the federal habeas court and the federal petition is also untimely (doc. 36). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of all issues raised by Mr. Rich, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. It is further the opinion of the undersigned that the pleadings and

attachments before the court show that the petition is untimely and should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

### A. Trial and Direct Appeal

The petitioner, Meldon Rich, was indicted by grand jury in the Circuit Court of Escambia County, Florida, on one count of first degree premeditated or felony murder and one count of sexual battery with serious injury (doc. 32, ex. A, pp. 1-3).[1] Count One stated Mr. Rich, with premeditation, strangled K.A.B. to death during the perpetration of a sexual battery (ex. A, p. 1). Count Two stated Mr. Rich committed a sexual battery on K.A.B. with physical force likely to cause serious bodily injury (*id.*). A jury found him guilty of felony murder and sexual battery with physical force (ex. C). On February 4, 2000, the court sentenced him to two concurrent life sentences of not less than twenty-five years with two years and 345 days of credit time (ex. G, pp. 413-19) (Circuit Court of Escambia County case no. 97-828).

Mr. Rich moved for a new trial on the basis that the prosecution did not prove the corpus delicti of the homicide, the court refused to allow expert testimony that unemployed women with cocaine addictions have a common practice of trading sex for drugs, the court erroneously admitted collateral crimes evidence,[2] and the court failed to give a requested jury instruction regarding circumstantial evidence (ex. D). After hearing arguments on the first three grounds and noting that the fourth ground was already argued at trial, the court denied the motion (ex. E, pp. 318-50).

---

[1] Hereafter all references to exhibits will be to doc. 32 unless otherwise noted. The docket reflects that the exhibits were filed in hard copy, not electronically.

[2] Under Florida Law, evidence of collateral crimes is subject to the *Williams* rule:
> This statement of the rule is entirely consistent with the position which we here take. Our view of the proper rule simply is that relevant evidence will not be excluded merely because it relates to similar facts which point to the commission of a separate crime. The test of admissibility is relevancy. The test of inadmissibility is a lack of relevancy.

*Williams v. State of Florida*, 110 So.2d 654, 659-60 (Fla. 1959).

On February 29, 2000, Mr. Rich appealed the judgment and sentences to the Florida First District Court of Appeal ("First DCA"). (Ex. H). His initial brief raised two claims of trial court error by 1) allowing collateral crimes evidence of four other sexual batteries and 2) refusing to allow expert testimony that unemployed women with cocaine addictions have a common practice of trading sex for drugs (ex. I). On July 11, 2001, the First DCA *per curium* affirmed the judgment and sentences. *Rich v. State of Florida*, 791 So.2d 465 (Fla. 1st DCA 2001) (Table) (copy at ex. K).

### B. Post-conviction Motions

On February 26, 2002, Mr. Green filed a *pro se* motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure (ex. L, pp. 1-53).[3] He raised nine claims for relief (*id.*). The state responded (ex. M), and the Rule 3.850 court ordered an evidentiary hearing (ex. N). On June 23, 2004, Mr. Rich filed an amended Rule 3.850 motion alleging newly discovered evidence as an additional ground for relief (ex. O). The state submitted a response (ex. Q). The court entered an amended order granting an evidentiary hearing on claims one, three through five, and the claim of newly discovered evidence (ex. R). It held evidentiary proceedings on March 16, 2006 (ex. S). By written order issued April 9, 2007, the Rule 3.850 court denied claims one through eight and the claim of newly discovered evidence (ex. T, pp. 561-80). It granted relief on claim nine, which averred the trial court's written sentencing order did not comply with the oral pronouncement, and it ordered the Clerk of Court to correct the judgment (ex. T, pp. 580-81). Mr. Rich moved for rehearing, and the court denied that motion on May 9, 2007 (ex. V).

Mr. Rich filed a notice of appeal in the First DCA on April 30, 2007 (ex. W). His initial brief on appeal raised three claims. Claims one and two alleged the Rule 3.850

---

[3] For purposes of 28 U.S.C. § 2244(d)(2), federal courts look to the applicable state law governing filings to determine when a state application for post-conviction or other collateral review was "properly filed". *See Artuz v. Bennett*, 531 U.S. 4, 8, 121 S. Ct. 361, 364, 148 L. Ed. 2d 213 (2000); *Taylor v. Williams*, 528 F.3d 847, 850 (11th Cir. 2008). Pursuant to the "mailbox rule," which the Florida courts apply to post-conviction pleadings filed by *pro se* prisoners, a motion is filed on the date it was deposited in the prison's mail system. *See Haag v. State*, 591 So.2d 614, 617 (Fla.1992).

court erred at the evidentiary hearing (ex. CC, pp. 2-3, 6-7). Claim three alleged "trial counsel failed to demonstrate fundamental error" (presumably at the evidentiary hearing) because expert witness testimony and the prosecution's closing argument at trial inferred the victim was already deceased when Mr. Rich had sexual intercourse with her (ex. CC, pp.10-12). He concluded that his conviction for sexual battery was erroneous because the battery was post mortem. Therefore, the conviction for first degree felony murder was also erroneous because there was no underlying felony. (Ex. CC, pp. 12-13).

The state responded to claim one on the merits (ex. EE, pp. 13-25). It argued that claims two and three were not cognizable because they were not raised in the Rule 3.850 motion and could not be raised for the first time on appeal (ex. EE, pp. 26-31).[4]

Mr. Rich replied that the state misconstrued claim three as alleging insufficiency of the evidence to support a sexual battery conviction. He maintained he raised the issue as fundamental error, which can be raised at any time, including in post-conviction proceedings. (Ex. FF, pp. 1-3) (citing *Patel v. State of Florida*, 679 So.2d 850 (Fla. 1st DCA 1996). He did not respond to the state's arguments regarding claims one and two.

On August 29, 2008, the First DCA *per curium* affirmed the Rule 3.850 court's decision. *Rich v. State of Florida*, 993 So.2d 522 (Fla. 1st DCA 2008) (Table) (copy at ex. GG). It issued the mandate on November 6, 2008 (*id.*). Mr. Rich moved for rehearing, which motion the court denied on October 20, 2008 (ex. HH). On October 28, 2008, he gave notice that he was "invoking the discretionary jurisdiction of the Supreme Court" because the First DCA's decision "expressly and directly conflict[ed]" with Florida Supreme Court precedent (ex. II). On November 10, 2008,

---

[4] The state considers that Mr. Rich may have raised issue two in his motion for rehearing following the denial of his Rule 3.850 motion (ex. EE, p. 27). However, it states the possibility is irrelevant because, under Florida law, a claim presented for the first time in a motion for rehearing does not preserve the issue for appeal. (*Id.*) (citing *Cave v. State of Florida*, 899 So.2d 1042 (Fla. 2005).

the Florida Supreme Court dismissed the petition for review for lack of jurisdiction and declined to entertain a motion for rehearing. *Rich v. State of Florida*, 996 So.2d 213 (Fla. 2008) (Table) (copy at ex. II).[5]

Several days after Mr. Rich appealed the Rule 3.850 court's decision, he filed a second Rule 3.850 motion alleging newly discovered evidence and attaching an affidavit that purported to exonerate him (ex. Y). The court dismissed the petition because it failed to include a signature, certificate of service, or oath (ex. Z). In October 2007, Mr. Rich filed an amended Rule 3.850 attaching the same affidavit (ex. JJ). The court stayed the motion while his first 3.850 motion was pending on appeal (ex. B, dkt. 859). On November 13, 2008, the Rule 3.850 court denied the amended motion stating in relevant part:

> A review of the record indicates that Defendant's initial motion for postconviction relief was still pending at the time that Defendant alleges that he received Mr. Hackworth's affidavit in January 2006. Defendant's evidentiary hearing in the instant case was not held until March 2006; the order ruling on the motion was not issued until April 2007. However, Defendant did not raise this issue until his motion for rehearing, filed in April 2007. Consequently, the Court finds that the instant motion is an abuse of procedure under Florida Rule of Criminal Procedure 3.850(f).

(Ex. KK, p. 2) (internal footnotes omitted). The court also noted that even if the motion were "properly before the court," he was not entitled to relief (*id.*).

On September 18, 2008, Mr. Rich filed an emergency petition for writ of habeas corpus in the trial court (ex. LL). He asserted four grounds for relief (restated): 1) necrophilia was not a crime in Florida when the events occurred; 2) the crime of sexual battery never occurred because sexual union with a deceased person is not sexual battery; 3) post mortem sexual battery is a nonexistent crime; and 4) the state failed to meet the element of causation. (Ex. LL, pp. 1-11). The trial court denied the

---

[5] While the motion was pending, Mr. Rich submitted a letter to the Florida Supreme Court that it construed as a petition for writ of prohibition (ex. DD). The court denied the petition on March 18, 2008 (*id.*).

petition by written order on November 13, 2008 (ex. MM). First, it held that the petition was untimely, and Mr. Rich failed to demonstrate a reason why the claims could not have been raised on direct appeal (*id.* at 14). It further stated:

> Habeas corpus proceedings are not to be used to provide the petitioner with an additional appeal regarding issues or claims that could have been or were raised on appeal or in a rule 3.850 motion, and may not be used to circumvent the time limitations for filing an appropriate motion for postconviction relief.

(*Id.*) (citing *Collins v. State of Florida*, 850 So.2d 1244 (Fla. 5th DCA 2003)). It found, in the alternative, that Mr. Rich's petition was without merit because there was sufficient evidence at trial to support his conviction (*id.* at 14-15). Mr. Rich filed an amended petition after the court denied his original petition, and the amended petition was denied as moot on November 13, 2008 (exs. NN-OO).

On December 5, 2008, Mr. Rich appealed the trial court's denial of his emergency petition for writ of habeas corpus to the First DCA (ex. PP). He argued his claim was timely because it asserted fundamental error, which can be raised at any time (ex. QQ, pp. 7-8). The First DCA *per curiam* affirmed the trial court's decision on September 10, 2009, and the mandate issued on December 4, 2009. *Rich v. State of Florida*, 21 So.3d 842 (Fla. 1st DCA 2009) (Table) (copy at exs. TT; UU).

On December 8, 2009, and January 8, 2010, respectively, Mr. Rich filed petitions for writ of habeas corpus in the Circuit Court of Hamilton County and the Florida Supreme Court (exs. YY; VV). The Hamilton County court denied relief on December 29, 2009, providing as a "non-exclusive reason" for the denial that "[t]he instant petition re-alleges the same grounds for habeas relief that [were] pled in the Escambia County habeas petition, to wit: the Petitioner was convicted of a nonexistent crime." (Ex. YY). Mr. Rich did not appeal the decision. On October 26, 2010, the Florida Supreme Court dismissed the case and denied further relief because it had already determined relief was not authorized (ex. XX).

**C.  Federal Petition for Writ of Habeas Corpus**

Mr. Rich filed the instant petition for writ of habeas corpus on December 7, 2010 (doc. 1).[6]  He filed an amended petition on January 14, 2011 (doc. 7).  His amended petition states two grounds for relief:

> Ground One: Rich's felony murder conviction must be set aside where a legally inadequate theory of sexual battery was relied upon by the state as the underlying felony to support the felony murder charge, in violation of the 14th Amendment.
>     . . .
> Ground Two: The trial court's failure to instruct [the] jury on [an] essential element of the crime of sexual battery constitutes fundamental error in violation of the Fourteenth Amendment.

(Doc. 7, pp. 4, 4A).

## DISCUSSION

Respondent contends Mr. Rich's petition is untimely.  After calculating the period of limitations under the AEDPA and taking into account the time during which Mr. Rich had properly filed, pending motions, the undersigned concludes respondent is correct.

**A.  Applicable Law**

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  A person in custody pursuant to a state court judgment must file a federal habeas corpus petition within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[6]  Under the federal "mailbox rule," a *pro se* federal habeas petition is deemed to be filed on the date it is delivered to prison authorities for mailing.  *Houston v. Lack*, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2384-85, 101 L. Ed. 2d 245 (1988); *Alexander v. Sec'y, Dep't of Corr.*, 523 F.3d 1291, 1294 n.4 (11th Cir. 2008).

>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *see also McCloud v. Hooks*, 560 F.3d 1223, 1229 (11th Cir. 2009) (calculating expiration of limitations period as one year from the date after the judgment became "final" under § 2244(d)(1)); *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1331 (11th Cir. 2008) (same). "A judgment becomes 'final' on the date on which the United States Supreme Court issues a decision on the merits of the petitioner's direct appeal or denies certiorari, or after the expiration of the ninety days in which the petitioner could file such a petition." *Ilarion v. Crosby*, 179 Fed. Appx. 653, 654 (11th Cir. 2006) (citing *Bond v. Moore*, 309 F.3d 770, 773-74 (11th Cir. 2002)). According to the tolling provision of § 2244(d), the time during which a "properly filed" application for state postconviction or other collateral review is pending shall not count toward any period of limitation. 28 U.S.C. § 2244(d)(2).

B. Timeliness

The First DCA issued its opinion affirming the trial court on July 11, 2001. The period of limitations began to run on October 9, 2001, when Mr. Rich's conviction became final for purposes of federal habeas review. *See* 28 U.S.C. § 2244(d)(1). In the absence of any tolling motions, Mr. Rich had until October 9, 2002, to file his federal habeas petition. *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)).

Petitioner filed a tolling post-conviction motion on February 26, 2002, 140 days after his conviction became final. That motion remained pending until the First DCA issued the mandate on November 6, 2008.[7] *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir.2000) (where Florida petitioner appeals trial court's denial of post-conviction application, application remains pending until issuance of the mandate by the appellate court). Furthermore, Mr. Rich's petition to invoke the jurisdiction of the Florida Supreme Court is not a tolling motion because it was not properly filed. Although he stated the court had discretionary jurisdiction because the First DCA's opinion expressly and directly conflicted with Florida Supreme Court precedent, the Florida Supreme Court implicitly rejected Mr. Rich's reasoning because it dismissed the petition for lack of jurisdiction. *See* Fla. R. App. P. 9.030(a)(2)(A)(iv) (Florida Supreme Court can review decisions that expressly and directly conflict with a supreme court decision on the same question of law); *see also Estes v. Chapman*, 382 F.3d 1237, 1239 (11th Cir. 2004) (a motion is not properly filed when it is filed in a court that lacks jurisdiction to hear it).

Mr. Rich's May 17, 2007, motion for postconviction relief was dismissed because it failed to include the prerequisites to filing required under Florida procedural law. Therefore, it was not properly filed and did not toll the limitations period. *See Artuz v. Bennett*, 531 U.S. 4, 8, 121 S. Ct. 361, 364, 148 L. Ed. 2d 213 (2000) ("properly filed" refers to compliance with the applicable laws and rules governing filings). On October 8, 2007, Mr. Rich filed an amended motion for post-conviction relief, which tolled the limitations period until December 15, 2008, when his time for seeking appellate review of the Rule 3.850 court's decision denying relief expired.[8]

---

[7] Mr. Rich's petition for writ of prohibition has no effect on calculating the period of limitations because it was filed and resolved while his Rule 3.850 motion was pending.

[8] The thirtieth day after November 13, 2008, was Saturday, December 13, 2008. Therefore, time expired on Monday, December 15, 2008.

*Case No: 3:10cv517/MCR/MD*

Respondent's motion to dismiss hinges on whether Mr. Rich's September 18, 2008, emergency petition for writ of habeas corpus, filed in the Circuit Court of Escambia County, tolled the statute of limitations. Respondent argues that this court is bound by the state court's denial of the petition as untimely and successive (doc. 30, p. 16; 36, p. 2). The trial court found the claims untimely presented because Mr. Rich "demonstrated no reason why the instant claims could not have been raised on direct appeal." (Ex. MM, p. 14). It is well-settled Florida law that habeas proceedings cannot be used "to provide the petition[er] with an additional appeal regarding issues or claims that could have been or were raised on appeal or in a rule 3.850 motion, and may not be used to circumvent the time limitations for filing an appropriate motion for postconviction relief." (Ex. MM, p. 14) (citing *Collins v. State of Florida*, 859 So.2d 1244 (Fla. 5th DCA 2003)). The First DCA's written opinion affirming the trial court explicitly rejected the claim as improperly raised:

> Rich filed an emergency petition for writ of habeas corpus in the circuit court of Escambia County on September 22, 2008. A petition for writ of habeas corpus generally may not be used to collaterally attack a conviction or sentence. Instead, a collateral challenge to a judgment of conviction and sentence must be raised in a motion filed under rule 3.850, Florida Rules of Criminal Procedure, and not in a petition for writ of habeas corpus. See *Baker v. State*, 878 So.2d 1236 (Fla. 2004). Rich has already sough relief pursuant to rule 3.850, and the merits of this petition were considered by a circuit court. Thus, even if the habeas petition were treated as a motion under rule 3.850, it would be impermissible as successive, *Hutto v. State*, 981 So.2d 1236 (Fla. 1st DCA 2008), and as untimely, since Rich's convictions for murder and sexual battery became final in 2001. Rule 3.850(b) (imposing a two-year window of time to file a motion for post-conviction relief in a non-capital case).

(Ex. TT, p. 2).

Mr. Rich's emergency petition for habeas corpus raises the same claims that comprised claim three of his brief on appeal from the Rule 3.850 court's denial of his February 26, 2002, post-conviction motion (*see* ex. CC, pp. 10-12). Upon inspection,

**Claim three, "Trial Counsel Failed to Demonstrate Fundamental Error", is a fundamental error argument and contains no argument whatsoever that his counsel was ineffective. Several passages from the brief illustrate this point:**

> Rich contends he has been indicted, tried by jury and his conviction is a fundamental error, which this court should correct even when no timely objection or motion for acquittal was made in the low tribunal.

**(Ex. CC, p. 12) (internal citations omitted).**

> Rich contends the state's evidence and closing argument never once use the term "attempted sexual battery" or "in and [sic] attempt to commit sexual battery," and according to the state, Rich first (1) strangled Ms. B. to death, <u>then</u> had sex with her; (2) that there was no attempt made by Rich to have oral, anal, or vaginal penetration or union with the sexual organ of Ms. B. with his penis before death; (3) that [R]ich had to first keep her from calling out and alerting the other people in the house; so (4) he killed her first, and the act of sexual battery, or as the state put it, "vaginal sex," did not commence until "after death."

**(*Id.* at 11).**

> Rich's conviction for sexual battery based on the state's evidence is a fundamental error and without a conviction for the underlying felony, Rich contends he cannot be convicted of any degree of felony murder.

**(*Id.* at 12).[9]**

The First DCA's summary affirmance is an adjudication on the merits of the claim under § 2254(d) so as to warrant deference. *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 785, 178 L. Ed. 2d 624 (2011) ("This Court now holds and reconfirms that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been "adjudicated on the merits."); *see also Ylst v. Nunnemaker*,

---

[9] The paragraph that follows argues that he could not be convicted of first degree murder because he was indicted more than two years after the events. This paragraph is recited verbatim in his emergency petition for habeas corpus. *Compare* Ex. CC, p. 12 *with* Ex. LL, p. 8.

501 U.S. 797, 803, 111 S. Ct. 2590, 2594, 115 L. Ed. 2d 706 (1991) ( appellate court's *per curiam* affirmance of a decision that is based on a procedural bar is deemed to affirm the procedural bar).  Furthermore, Mr. Rich's motion for rehearing is a reiteration of the same argument, and the First DCA denied that motion, too (ex. HH).

Mr. Rich's September 18, 2008, emergency petition for writ of habeas corpus was not properly filed and did not toll the limitations period.  *Pace v. DiGuglielmo,* 544 U.S. 408, 414, 417, 125 S. Ct. 1807, 1812, 1815, 161 L. Ed. 2d 669 (2005) ("[w]hen a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)," because, "time limits, no matter their form, are 'filing' conditions."); *see also Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311 (11th Cir. 2006) (explaining what constitutes "properly filed" under the holdings of *Artuz* and *Pace*, *supra*).  The claims in the petition were raised in a previous appeal and rejected on the merits.  As the First DCA stated, even if the petition was construed as a Rule 3.850 motion, it was still untimely and successive.[10]

## CONCLUSION

The undersigned concludes Mr. Rich's time to file a federal habeas petition ran 140 days from the conclusion of his direct appeal until he filed his first Rule 3.850 motion.  It then ran unabated from the conclusion of his Rule 3.850 proceedings on December 15, 2008 and expired 225 days later on July 28, 2009 (140 +225 = 365).  Mr. Rich did not have any pending post-conviction motions during this time, and he did not file his federal petition until 2010, well after the limitations period expired.  Furthermore, he has failed to demonstrate that any tolling provisions render his

---

[10] Had Mr. Rich filed the state petition within the two year period of limitations for Rule 3.850 motions, the state court would have construed it as Rule 3.850 motion and, although it would still be procedurally barred as successive, one could argue that it would be properly filed under *Artuz*.  *See Artuz*, 531 U.S. at 10-11, 121 S. Ct. at 365 (some state procedural bars may be conditions to obtaining relief but not conditions to filing, so that failure to comply with those procedures does not render the motion improperly filed for purposes of § 2244(d)(2)).  However, this question is not before the court because Mr. Rich filed the petition well after the two year period of limitations under Florida law.

federal petition timely, or that he is entitled to review under any exception to the time bar. Therefore, respondent's motion to dismiss should be granted, and the § 2254 petition should be dismissed.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(a), Rules Governing Section 2254 Cases. A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is recommended that the court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If petitioner files an objection to this recommendation, he may bring this argument to the attention of the district judge in his objections.

Accordingly, it is respectfully RECOMMENDED:

1.   That respondent's motion to dismiss (doc. 30) be GRANTED.

2.   That the amended petition for writ of habeas corpus (doc. 7) challenging the conviction and sentence in *State of Florida v. Meldon Rich,* in the Circuit Court of Escambia County, Florida, case number 97-828, be DISMISSED WITH PREJUDICE.

3.   That a certificate of appealability be DENIED.

At Pensacola, Florida this 9th day of December, 2011.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**